UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**BRANDON IRVING NICHOLS**  **CIVIL ACTION NO. 24-1538**

**SECTION P**

**VS.**

**JUDGE S. MAURICE HICKS, JR.**

**BRANDON BODY, ET AL.**  **MAG. JUDGE KAYLA D. MCCLUSKY**

### MEMORANDUM ORDER

Plaintiff Brandon Irving Nichols, a prisoner at Wood County Jail in Quitman, Texas, proceeding pro se and in forma pauperis, filed this proceeding on approximately November 7, 2024, under 42 U.S.C. § 1983. [doc. # 1].

Plaintiff names the following defendants: Captain Louis Dahlman, a captain at the jail in Quitman, Texas; Turn Key Medical, a medical provider in Oklahoma City, Oklahoma; and Brandon Body, a "prosecuting assistant in Quitman, TX." [doc. # 1, p. 3]. Plaintiff's complaint appears to primarily concern Brandon Body prosecuting him in Texas.[1] *Id.* He asks this Court to impeach Brandon Body and to "release the address of Brandon Body's habitat." *Id.* at 4.

Of note, Plaintiff suggests that he initiated this proceeding here because "Brandon Body's address showed up as 4001 Greenwood Rd., Shreveport LA 71109." In other words, it appears that Plaintiff—or someone on Plaintiff's behalf—obtained that address after researching Brandon Body. That address, however, is for Brandon's Auto Collision Center, colloquially identified as

---

[1] In a related case, Plaintiff explicitly states that Brandon Body is prosecuting him. *Brandon Irving Nichols v. Brandon Body, et al.*, 5:24-cv-1539, Doc. 1 (W.D. La. 2024).

a "body" shop.[2] Hence, it appears Plaintiff mistakenly unearthed the address for Brandon's body shop rather than for Brandon Body. And as above Plaintiff concedes that he does not know the correct address when he asks the Court to release Body's address.

As to the remaining two defendants here, Plaintiff initiated a similar lawsuit naming the same defendants in the United States District Court, Western District of Oklahoma, which transferred the proceeding to the Eastern District of Texas. *Brandon Irving Nichols v. Turn Key Medical, et al.*, 6:24-cv-0446 (W.D. OK. Nov. 4, 2024). There, the court opined:

> Plaintiff alleges his constitutional rights were violated in the Wood County Detention Center. He brings suit against Captain Louis Dahlman, who is employed at the Wood County Detention Center. Am. Compl. at 5. He also brings suit against TurnKey Medical and lists that entity's address as Oklahoma City, Oklahoma. Id. Plaintiff's claims against TurnKey Medical, however, arise out of treatment he received at the Wood County Detention Center. The Wood County Detention Center is in Quitman, Texas, which is located within the territorial jurisdiction of the Tyler Division of the United States District Court for the Eastern District of Texas. See 28 U.S.C. § 124(c)(1).
>
> Defendant Dahlman is employed by the Wood County Detention Center and presumably resides in the Eastern District of Texas. Likewise, those employees of the Wood County Detention Center and/or TurnKey Medical who were involved in Plaintiff's medical care and conceivably would be witnesses at any hearing involving Plaintiff's claims presumably reside in the Eastern District of Texas. And Plaintiff's claims arise from alleged incidents in the Eastern District of Texas.

*Id.* at Doc. 10, pp. 3-4.

Section 1983 does not contain a venue provision; thus, venue is determined under the general venue provisions in 28 U.S.C. § 1391(b). Section 1391 provides that a "civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the

---

[2] GOOGLE MAPS, Brandon's Auto Collision, https://maps.app.goo.gl/kVTAKDBEXcHDPEda7 (last visited January 6, 2025).

events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, Plaintiff's claims plainly arose in Wood County, Texas. Venue for this action is inappropriate in the Western District of Louisiana because Plaintiff does not allege that all defendants are residents of Louisiana, and there is no indication that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district or that a substantial part of any property that may be the subject of this action is situated in this judicial district. Moreover, there is a judicial district in which this action may otherwise be brought: a substantial part of the alleged events or omissions giving rise to Plaintiff's claims allegedly occurred in Wood County, Texas. Thus, venue is appropriate there. The Eastern District of Texas, Tyler Division, embraces Wood County. 28 U.S.C. § 124(c)(1).

Accordingly, under 28 U.S.C. § 1406(a),

**IT IS ORDERED** that this proceeding is **TRANSFERRED** to the United States District Court, Eastern District of Texas, Tyler Division.

In Chambers, Monroe, Louisiana, this 7th day of January, 2025.

                                            Kayla Dye McClusky
                                            United States Magistrate Judge